IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLAMIDE OLATAYO BELLO, | ) | |
| #65100-510, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:25-CV-3392-G-BK |
| UNKNOWN MAILROOM STAFF, ET | ) | |
| AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case.  Objections were filed.  After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the objections, in accordance with 28 U.S.C. § 636(b)(1), the court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the court.

Contrary to the plaintiff's objections, § 1915(g) precludes prisoners from proceeding *in forma pauperis* in mandamus actions that are civil in nature – *i.e.*, actions

that raise claims that are analogous or arise out of a civil lawsuit to which § 1915(g) applies. See *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (holding that where the underlying action is civil in nature, a mandamus action is governed by the PLRA and the three-strike provision). But if the mandamus petition seeks relief in relation to a criminal proceeding, § 1915(g) may not apply. See *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (finding mandamus petition that arose from post-conviction habeas proceeding was not civil in nature and was not subject to PLRA fee payment requirements).

Here, the plaintiff's 2025 mandamus action, which sought to compel jail officials to provide "legal aid" or help with the "law library on the tablet[,]" raised allegations that were analogous to a civil lawsuit. See *Bello v. Fannin County Detention Center*, No. 4:25-CV-0736-SDJ-BD, 2025 WL 2590253, at *1 (E.D. Tex. Aug. 27, 2025), *rec. adopted*, 2025 WL 2857503, at *1 (E.D. Tex. Oct. 8, 2025) (dismissing as frivolous the petition for a writ of mandamus, which sounded in civil rights and not habeas corpus, and notifying the plaintiff that the dismissal counted as a strike under § 1915(g)). Thus that dismissal counted as the plaintiff's third strike, and he is now barred by three-strike provision.

The plaintiff moves in the alternative for an extension of time to pay the filing fee. On December 12, 2025, the court issued a deficiency order granting him until January 9, 2026, to pay the filing fee or file an application to proceed *in forma*

*pauperis*.  Docket entry 6.  The plaintiff did not comply; nor did he request an extension of time to do so, although he was aware by early January 2026, that he was barred by three strikes under § 1915(g).  See *Bello v. United States*, No. 4:24-CV-0554-SDJ-BD, docket entry 43 (E.D. Tex. Dec. 29, 2025) (concluding the plaintiff had accrued three strikes as of the filing of his notice of appeal on November 3, 2025).  Considering these facts, the court denies the plaintiff's belated request to pay the filing fee.

Accordingly, the Findings and Conclusions of the Magistrate Judge are **ACCEPTED** as the Findings and Conclusions of the court, and this action is **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of filing and administrative fees of $405.00.

**SO ORDERED**.

June 15, 2026.

A. JOE FISH
**Senior United States District Judge**